UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARBUCKLE FUNDING, LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TALCOTT RESOLUTION LIFE AND ANNUITY INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 7:23-cv-07972-CS-JCM<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Hon. Judith C. McCarthy, U.S.M.J.:

WHEREAS, Plaintiff Arbuckle Funding, LLC ("Plaintiff" or "Arbuckle") and Defendant Talcott Resolution Life and Annuity Insurance Company ("Defendant" or "Talcott") (each, a "Party" and collectively, the "Parties") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order—including without limitation the Parties to this action (including their respective corporate affiliates, parents, successors, and assigns), their partners, representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms, upon pain of contempt:

1

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. The Party or person producing or disclosing Discovery Material ("Producing Party"), or a Party in the case of information being produced by a third party ("Designating Party"), may designate as Confidential such material that it reasonably and in good faith believes consists of:

   a. Proprietary business or competitively or commercially sensitive information, including but limited to information that, with respect to Talcott, its affiliates, its parents, or its predecessors or successors, reveals its pricing practices and the underlying costs and components of its pricing practices, the calculations and thought processes for the initial determination and subsequent readjustment of the cost of insurance rates and premium tax percentage rates for insurance policies it issues or issued, or the underlying methodology, data, assumptions, and analysis for those initial determinations and subsequent readjustments;

   b. Previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   c. Previously non-disclosed material relating to ownership or control of any non-public company;

   d. Previously non-disclosed business plans, product-development information, or marketing plans;

e. Any information of a personal or intimate nature regarding any individual;

f. Any other information the disclosure of which would be detrimental to the conduct of the Party's business; or

g. Any other category of information this Court subsequently affords Confidential status.

3. Extracts and summaries of Confidential Discovery Material shall also be treated as confidential in accordance with the provisions of this Stipulation and Order.

4. With respect to Discovery Material other than deposition transcripts and exhibits, the Producing Party or their counsel may designate such Discovery Material as "Confidential" by stamping or otherwise clearly marking the document as "Confidential" in a manner that will not interfere with legibility or audibility. For Discovery Material produced by a third party other than deposition transcripts and exhibits, the Designating Party or their counsel may designate such Discovery Material as "Confidential" by notifying the Producing Party regarding what Discovery Material is Confidential. Upon such designation by the Designating Party, all persons subject to this Order will treat such Discovery Material as Confidential.

5. A Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which

3

case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

6. If at any time before the trial of this action a party realizes that it should have designated as Confidential Discovery Material that it or a third party previously produced without limitation, the Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such Discovery Material as Confidential.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a Producing Party or Designating Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

   a. The Parties to this action, their insurers, and counsel to their insurers, including in-house counsel;

   b. Counsel retained specifically for this action, including any employee, paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    c.    Outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel for the Parties hire and assign to this matter;

    d.    Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

    e.    As to any document, its author, its addressee, and any other person (such as a copy recipient) indicated on the face of the document as having received a copy;

    f.    Any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, and their counsel, provided such persons have first executed a Non-Disclosure Agreement in the form annexed hereto;

    g.    Any person a Party retains to serve as an expert witness, consultant, or otherwise to provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    h.    Stenographers or videographers engaged to transcribe or record depositions the Parties conduct in this action;

    i.    This Court, any appellate court, and their employees, support personnel and court reporters; and

    j.    Any other person agreed to by the Parties.

9. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(f) or 8(g) above, counsel must provide a copy of this Order to such person, who must, subject to the remainder of this paragraph, sign a Non-Disclosure Agreement in the form annexed hereto stating that he or she has read this Order and agrees to be bound

by its terms. It shall be responsibility of each party to obtain an executed Exhibit A from their own employees, former employees, or other witnesses who that party is representing at deposition, or the Producing Party may waive the requirement. If counsel is unable to obtain an executed Non-Disclosure Agreement from any witness and the Producing Party chooses not to waive the requirement, counsel shall immediately and prior to the deposition provide notice to counsel for the other party and such party may seek relief from the Court regarding the terms and conditions under which Confidential Information may be disclosed to the witness in the deposition. Alternatively, counsel for the parties may agree that Confidential Information is adequately protected by such person's existing obligations to maintain the confidentiality of such information... For the avoidance of doubt, nothing in Paragraphs 8 or 9 shall impose any limitation on the ability of a Producing Party to disclose its own Confidential Discovery Material. A Producing Party shall not be required to obtain an executed Non-Disclosure Agreement from its own current or former employees with respect to disclosure of its own Confidential Discovery Material. Counsel will retain a copy of each signed Non-Disclosure Agreement, and will produce it to opposing counsel on upon request; provided, however, that Non-Disclosure Agreements signed by retained experts and consultants need not be provided to the other party until that the deadline for expert disclosures has passed.

10. Notwithstanding the designation of information as Confidential in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow Rule 11.B of the Court's Individual Rules as well as Section 6 of the Court's ECF Rules & Instructions.

11. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

12. Any Party who requests additional limits on disclosure (such as "For Attorneys' or Experts' Eyes Only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

    a. Discovery Material designated "For Attorneys' or Experts' Eyes Only" must be viewed only by:

        i. Counsel retained specifically for this action, including any employee, paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter; or

        ii. Any person a Party retains to serve as an expert witness, consultant, or otherwise to provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto.

13. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with

respect to its own documents or information produced in this action, including its right to disclose or use such documents or information for any purpose.

14. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. Inadvertent production of any Discovery Material that a Party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (an "Inadvertently Produced Privileged Document") will not be deemed to waive the privilege or work product protection, subject to the following provisions.

    a. A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing parties shall, within ten (10) business days, destroy or return to the

       requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material any information derived solely from the Inadvertently Produced Privileged Document, provided, however, that the receiving party may retain one copy of such Inadvertently Produced Privileged Document for the sole purpose of challenging the assertion of privilege by the producing party, in which case: (1) the receiving party shall notify the producing party in writing of its intention to retain a copy for such purpose within ten (10) business days of the receipt of the notice demanding the return of such Inadvertently Produced Privileged Document; and (2) any party may thereafter seek a ruling from the Court with respect to the issue of whether the Inadvertently Produced Privileged Document is indeed privileged, whether by way of motion to compel, motion for protective order, or otherwise. All such motions shall be submitted in camera. Absent an order from the Court, no Inadvertently Produced Privileged Document shall be used for any purpose other than for challenging an assertion of privilege in accordance with the terms of this Paragraph.

    b.    No party may assert as a ground for challenging privilege the mere fact of the inadvertent production.

17.    Within 60 days of the final disposition of this action—including all appeals and final distributions to any certified class—all recipients of Confidential Discovery Material must either return it, including all copies thereof, to the Producing Party, or destroy such material, including all copies thereof (including those maintained in electronic locations). In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not

retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order. This Order shall not prevent a party from arguing that certain documents are so sensitive that they should not be produced even under the Order or from seeking further protection for certain documents.

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

19. In the event that additional parties join or are joined in this litigation, they shall not have access to Confidential Discovery Material until the newly joined party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Order.

20. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: April 26, 2024

| By: /s/ Ryan C. Kirkpatrick | By: /s/ Sandra D. Hauser |
|---|---|
| Seth Ard | Sandra D. Hauser |
| Ryan C. Kirkpatrick | DENTONS US LLP |
| Zachary B. Savage | 1221 Avenue of the Americas |
| Daniel D. Duhaime | New York, NY 10020 |
| SUSMAN GODFREY LLP | Telephone: 212-768-6700 |
| One Manhattan West, 50th Floor | sandra.hauser@dentons.com |
| New York, NY 10001 | |

Telephone: 212-336-8330
Facsimile: 212-336-8340
sard@susmangodfrey.com
rkirkpatrick@susmangodfrey.com
zsavage@susmangodfrey.com
dduhaime@susmangodfrey.com

Steven G. Sklaver (*pro hac vice*)
Glenn C. Bridgman (*pro hac vice*)
Kim Page (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: 310-789-3100
Facsimile: 310-789-3150
ssklaver@susmangodfrey.com
gbridgman@susmangodfrey.com
kpage@susmangodfrey.com

*Attorneys for Plaintiff*

Laura Leigh Geist (*pro hac vice*)
WILLKIE FARR & GALLAGHER LLP
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone: 415-858-7440
lgeist@willkie.com

*Attorneys for Defendant*

Dated: ___April 29, 2024___

SO ORDERED.

_____
Hon. Judith C. McCarthy,
United States Magistrate Judge

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARBUCKLE FUNDING, LLC, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> TALCOTT RESOLUTION LIFE AND ANNUITY INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 7:23-cv-07972-CS-JCM <br><br> **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated: