UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARBUCKLE FUNDING LLC, and
BRIGHTON TRUSTEES LLC, on behalf of
and as Trustee for COOK STREET MASTER
TRUST III, individually and on behalf of all
others similarly situated,

                    *Plaintiffs,*

    v.

TALCOTT RESOLUTION LIFE &
ANNUITY INSURANCE CO. and
TALCOTT RESOLUTION LIFE
INSURANCE CO.,

                    *Defendants.*

Case No. 7:23-cv-07972-CS
Hon. Cathy Seibel

## [PROPOSED] ORDER PRELIMINARILY CERTIFYING PREMIUM TAX SETTLEMENT CLASS AND APPROVING PREMIUM TAX SETTLEMENT CLASS ACTION SETTLEMENT

**WHEREAS,** Plaintiffs Arbuckle Funding LLC ("Arbuckle Funding") and Brighton Trustees LLC, on behalf of and as Trustee for Cook Street Master Trust III ("Brighton Trustees," and together with Arbuckle Funding, "Plaintiffs") have moved for an order certifying a proposed Premium Tax Settlement Class and preliminarily approving the terms and conditions of the Premium Tax Settlement with Defendants Talcott Resolution Life & Annuity Insurance Company and Talcott Resolution Life Insurance Company (collectively, "Talcott" or "Defendants"), as set forth in the Stipulation of Settlement and Release ("Premium Tax Settlement Agreement") that is attached as Exhibit 2 to the Declaration of Ryan C. Kirkpatrick;

**WHEREAS,** the Premium Tax Settlement Agreement is intended to fully, finally, and forever resolve, discharge, settle, release, and dismiss with prejudice Counts II and III of the Fourth

1

Amended Complaint (the "FAC") and the Released Claims as defined therein, upon and subject to the terms and conditions of the Premium Tax Settlement Agreement;

WHEREAS, separate from the Premium Tax Claims, Arbuckle also alleges a distinct breach of contract cause of action against Talcott Resolution Life & Annuity Insurance Company relating to Talcott Resolution Life & Annuity Insurance Company's assessment of cost of insurance rates in Count I of the FAC (the "COI Claim");

WHEREAS, Arbuckle Funding and Talcott Resolution Life & Annuity Insurance Company have not resolved, and the Premium Tax Settlement Agreement does not resolve, the COI Claim, which remains pending;

WHEREAS, Arbuckle Funding and Talcott Resolution Life & Annuity Insurance Company do not make any representations, releases, or admissions concerning the COI Claim in the Premium Tax Settlement Agreement, other than the fact that Arbuckle Funding and Talcott Resolution Life & Annuity Insurance Company agree that nothing in the Premium Tax Settlement Agreement should be construed as affecting their rights, obligations, defenses or liabilities concerning the COI Claim;

WHEREAS, the Premium Tax Settlement Agreement shall not be and cannot be used in any way to support the COI Claim or any defense thereto;

WHEREAS, the Motion is unopposed by Defendants;

WHEREAS, this Court having considered the Premium Tax Settlement Agreement and Exhibits annexed thereto, Plaintiffs' Motion for Preliminary Approval, and all papers filed in support of that Motion;

IT IS HEREBY ORDERED that:

1.    The capitalized terms used herein shall have the meanings set forth in the Premium Tax Settlement Agreement, unless otherwise noted.

2.    Under Rule 23(e), the Court finds that it will likely be able to certify the following Premium Tax Settlement Class for purposes of judgment on the proposed Settlement: all current and former Policyowners of all Premium Tax Settlement Class Policies. "Policyowners" are defined as "owners of one or more Premium Tax Class Settlement Policies." "Premium Tax Class Settlement Policies" are defined as "individual universal life or variable universal life insurance policies issued or insured by Defendants, with the subject Premium Tax Change Language, and for which a premium payment subject to one or more of the Premium Tax Claims was made during the Class Period and as described in the Fourth Amended Complaint and (1) for which a new address was registered with Defendants or Prudential after issuance, and which were assessed a Premium Tax Charge Rate in excess of the Statutory Premium Tax Rate assessed by the State associated with the new registered address; or (2) for which an address in Arizona, Connecticut, the District of Columbia, Idaho, Illinois, Indiana, Iowa, Kentucky, Michigan, Minnesota, Nebraska, New Hampshire, New York, Ohio, Oregon, South Carolina, or Wyoming was registered with Defendants or Prudential."

3.    Excluded from the Premium Tax Settlement Class are: (a) officers or directors of Defendants or Prudential; (b) the Honorable Cathy Seibel, United States District Judge for the Southern District of New York, the Honorable Judith C. McCarthy, United States Magistrate Judge for the Southern District of New York, and any judicial officer to whom this matter may be assigned or referred), including members of the judges' and judicial officers' immediate family and judicial staff; (c) anyone employed in Class Counsel's firm; and (d) Policyowners who properly execute and timely file a Request for Exclusion from the Premium Tax Settlement Class.

4.      Pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, the Court finds that giving notice is justified. The Court will direct notice to Premium Tax Settlement Class Members, as specified below, because it finds that it likely will be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court is likely to find that: (i) the Premium Tax Settlement Class is so numerous that joinder is impracticable; (ii) Plaintiffs' claims present common issues that are typical of the Premium Tax Settlement Class; (iii) Plaintiffs and Class Counsel will fairly and adequately represent the Premium Tax Settlement Class; and (iv) common issues predominate over any individual issues affecting the Premium Tax Settlement Class Members. The Court further finds that Plaintiffs' interests are aligned with the interests of all other Premium Tax Settlement Class Members. The Court also finds that resolution of Counts II and III of the FAC on a class basis for purposes of the Settlement is superior to other means of resolution.

5.      The Court appoints Plaintiffs as class representatives and Susman Godfrey L.L.P. as Class Counsel for settlement purposes.

6.      Under Rule 23(e)(1)(B)(i), the Court finds that it will likely be able to approve the Settlement under Rule 23(e)(2), and therefore preliminarily approves the Settlement as set forth in the Premium Tax Settlement Agreement, including the Released Claims contained therein, as being fair, reasonable, and adequate to the Premium Tax Settlement Class under the relevant factors set forth in Rule 23(e)(2) and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), subject to the right of any Premium Tax Settlement Class Member to challenge the fairness, reasonableness, or adequacy of the Premium Tax Settlement Agreement and to show cause, if any exists, why a final judgment dismissing Counts II and III of the Action against Defendants and ordering the release of the Released Claims against Releasees should not be entered after due and adequate notice to the Premium Tax Settlement Class as set forth in the Premium Tax Settlement

Agreement and after a Final Approval Hearing. For the avoidance of doubt, this preliminary approval pertains exclusively to the Premium Tax Claims and does not affect, prejudice, or otherwise apply to the Excluded Claims, including the COI Claim, which shall continue to be litigated independently by Arbuckle Funding and Talcott Resolution Life & Annuity Insurance Company.

7.    The Court finds that the Premium Tax Settlement Agreement was entered into at arm's length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement should be given as provided in the Premium Tax Settlement Agreement.

8.    The Court finds that the proposed Plan of Allocation, attached as Exhibit 3 to the Kirkpatrick Declaration, is sufficiently fair and reasonable that notice of the Plan of Allocation should be given as provided in the Class Notice, *as amended.*    *CS*

9.    The Court appoints JND as the Claims Administrator. Funds required to pay the Claims Administrator shall be paid from the Escrow Account as they become due as set forth in the Premium Tax Settlement Agreement. The Claims Administrator shall be responsible for receiving requests for exclusion from the Premium Tax Settlement Class Members and performing all duties set forth in the Premium Tax Settlement Agreement.

10.    As of the date of this Order, all proceedings in the above-captioned class action relating to Counts II and III of the FAC shall be stayed and suspended until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Premium Tax Settlement Agreement. For the avoidance of doubt, the COI Claim in Count I of the FAC is not stayed by this Order and shall proceed.

11.     Pursuant to Rule 23(e)(1)(B), the Court directs that notice be provided to Premium Tax Settlement Class Members through the postcard Class Notice and the long-form Class Notice attached as Exhibit 4 to ~~the Premium Tax Settlement Agreement~~, *ECF No. 126* and the notice program described in Section VI of the Premium Tax Settlement Agreement. The Court finds that the manner of distribution of the Class Notice constitutes the best practicable notice under the circumstances as well as valid, due, and sufficient notice to the Premium Tax Settlement Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.

12.     Upon entry of this Order, the parties shall begin implementation of the notice program as outlined in Section VI of the Premium Tax Settlement Agreement. Defendants shall provide last-known addresses of record for the Premium Tax Settlement Class Policies to Settlement Administrator no later than 30 days after Preliminary Approval, and the *amended* postcard Class Notice shall be mailed no later than 30 days after receipt of the Notice List.

13.     Prior to the mailing of the *amended* postcard Class Notice, the Claims Administrator will run the Notice List through the U.S. Postal Service's National Change of Address Database for verification and correction of addresses to attempt to reduce the number of returned mail items. In the case of Class Notices undelivered and returned by the U.S. Postal Service, the Claims Administrator will: (a) re-mail any Class Notice so returned with a forwarding address, and (b) retain a commercial address verification service to attempt to find an address for any returned Class Notice that does not include a forwarding address. The Claims Administrator will re-mail the *amended* postcard Class Notice to each person and entity in the Premium Tax Settlement Class for which it or the address research service provides an updated address.

14.    A copy of the _amended_ long-form Class Notice shall also be posted on the Settlement Website (PremiumTaxSettlement.com) to be established and maintained by the Claims Administrator. Any Court-approved changes to the Premium Tax Settlement Agreement, or to any filings made in connection with the Premium Tax Settlement Agreement, may be posted to that website, and by doing so, will be deemed due and sufficient notice to Premium Tax Settlement Class Members in compliance with due process and Rule 23 of the Federal Rules of Civil Procedure.

15.    Any Premium Tax Settlement Class Member that has not filed a timely and proper written Request for Exclusion may object to this Settlement by filing a written Statement of Objection with the Court and serving any such Statement of Objection on counsel for the respective Parties (as identified in the Class Notice) no later than 105 days after Preliminary Approval. The objection must include: (a) the name and civil action number of the case, *Arbuckle Funding LLC et al. v. Talcott Resolution Life & Annuity Insurance Company et al.*, Case No. 7:23-cv-07972-CS-JCM (S.D.N.Y.); (b) the objector's name and address; (c) the policy number(s) of the applicable Premium Tax Settlement Class Policy(ies), and a statement that the Person seeking to object is authorized to act on behalf of the Premium Tax Settlement Class Policy, per Section VII.A of the Premium Tax Settlement Agreement; (d) a statement of the legal and factual basis for the objection; (e) copies of any and all documents on which the objection is based; and (f) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules). If there are multiple Policyowners with respect to a single Premium Tax Settlement Class Policy (such as spouses), all Premium Tax Settlement Class Members must sign unless the signatory holds and submits a copy of a valid power of attorney to act on behalf of all owners of the Premium Tax

7

Settlement Class Policy. Any Premium Tax Settlement Class Member who timely files a proper written Statement of Objection may appear at the Final Approval Hearing in support of the objection. Counsel who wishes to appear for any objector must file a notice of appearance with the Clerk of the Court no later than 14 days before the Final Approval Hearing, or any other date required by the Court. A Premium Tax Settlement Class Member who appears at the Final Approval Hearing by counsel or otherwise will be permitted to argue only those matters that were set forth in the written Statement of Objection filed by such Premium Tax Settlement Class Member. No Premium Tax Settlement Class Member will be permitted to raise matters at the Final Approval Hearing that the Premium Tax Settlement Class Member could have raised in such a written Statement of Objection but failed to do so, and any objection to the settlement that is not set forth in such a written Statement of Objection is deemed waived. Any Premium Tax Settlement Class Member who fails to comply with this paragraph will not be permitted to appear at the Final Approval Hearing.

16. Any Premium Tax Settlement Class Member that wishes to be excluded from the Premium Tax Settlement Class must submit to the Claims Administrator a written Request for Exclusion sent by U.S. mail and postmarked no later than 105 days after Preliminary Approval. Requests for Exclusion must include: (a) the name and civil action number of the case, *Arbuckle Funding LLC et al. v. Talcott Resolution Life & Annuity Insurance Company et al.*, Case No. 7:23-cv-07972-CS-JCM (S.D.N.Y.); (b) the full name and address of the person or entity requesting exclusion; (c) the Policy Number of the applicable Premium Tax Settlement Class Policy(ies); (d) a statement that the person or entity seeking exclusion is authorized to act on behalf of the Premium Tax Settlement Class Policy; (e) a signature; and (f) a statement that he, she, or it, on behalf of the Premium Tax Settlement Class Policy associated with them, wishes to be excluded from the

Premium Tax Settlement Class for purposes of this settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, or is not sent by an Authorized Claimant, shall be invalid, and the person(s) or entity(ies) serving such a request and the subject Premium Tax Settlement Class Policy shall be a member(s) of the Premium Tax Settlement Class and shall be bound as a Premium Tax Settlement Class Member by this Agreement, if approved. A Premium Tax Settlement Class Member that owns multiple Premium Tax Settlement Class Policies in their own name on behalf of different principals (including as a securities intermediary or trustee) can opt out for some or all those Policies. Any member of the Premium Tax Settlement Class who validly elects a particular Premium Tax Settlement Class Policy to be excluded from this Agreement shall not, with respect to that Policy: (i) be bound by any orders or the Final Order and Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. The request for exclusion must be signed by each person or entity requesting exclusion, or by a person providing a valid power of attorney to act on behalf of such person or entity. No request for exclusion may be made on behalf of a group of Premium Tax Settlement Class Policies owned by different Policyowners. So-called "mass" opt outs and/or attempts to opt out a "class" shall not be allowed.

17. Every Premium Tax Settlement Class Member that does not file a timely and proper written Request for Exclusion in accordance with this Order will be bound by all subsequent proceedings, orders, and judgments in the Action with respect to the Premium Tax Claims only. A list reflecting all valid Requests for Exclusion shall be filed with the Court, by Class Counsel, prior to the Final Approval Hearing. For the avoidance of doubt, participation or non-participation in

this Settlement shall have no effect on any Premium Tax Settlement Class Member's rights with respect to the COI Claim in Count I of the FAC.

18.     If the Claims Administrator determines that a person or entity submitting a Request for Exclusion with respect to a Premium Tax Settlement Class Policy is not the same person or entity reflected in the Notice List, then the Claims Administrator shall require the person or entity submitting the Request for Exclusion to provide proof of ownership of the Policy or Policies in question. If proof of ownership is provided, the Claims Administrator must provide notice to Class Counsel and Defendants' Counsel. The Parties and their Counsel will jointly determine whether sufficient proof of ownership was provided. The Court shall resolve any disputes of ownership or exclusion that cannot be reasonably resolved by the Parties and the Parties' Counsel.

19.     The Claims Administrator will maintain the Post Office Box to which Requests for Exclusion are required to be sent, monitor exclusion requests for accuracy and completeness, request any needed clarifications, and provide copies of all such materials to Class Counsel and Defendants' Counsel.

20.     The Court hereby schedules a Final Approval Hearing to occur on ~~[date less than 133 days after Preliminary Approval and not less than 60 days after Class Notice is provided]~~ Sept. 2024, 2026, at 3 PM before the Honorable Cathy Seibel in the United States District Court for the Southern District of New York, United States Courthouse, 300 Quarropas Street, White Plains, NY 10601, to determine whether (i) the proposed Premium Tax Settlement Class should be certified for settlement purposes; (ii) the proposed Settlement as set forth in the Premium Tax Settlement Agreement should be finally approved as fair, reasonable and adequate under Rule 23(e)(2) and should be approved by the Court; (iii) an order approving the Premium Tax Settlement Agreement and a final judgment should be entered dismissing Counts II and III of

the FAC with prejudice; (iv) an order approving a proposed Plan of Allocation should be entered; and (v) any requested award of attorneys' fees and costs, expenses, and service awards in this matter should be approved. For the avoidance of doubt, the Final Approval Hearing shall concern only the Premium Tax Claims in Counts II and III of the FAC and shall have no bearing on the COI Claim in Count I, which shall continue independently.

21.     Plaintiffs' motion for an award of attorney's fees, expenses, and any service awards shall be due no later than 90 days after Preliminary Approval, and Plaintiffs' motion for Final Approval shall be filed no later than 119 days after Preliminary Approval.

22.     Neither this Order, the Premium Tax Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Premium Tax Settlement Agreement or Settlement is or may be used as an admission or evidence (i) of the validity of any Released Claims, alleged wrongdoing, or liability of Defendants, Prudential, or any Releasee, or (ii) of any fault or omission of Defendants, Prudential, or any Releasee in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. For the avoidance of doubt, nothing in this Order or the Premium Tax Settlement Agreement shall be construed as an admission by any party with respect to the Excluded Claims, including the COI Claim, or as having any evidentiary effect in connection with the COI Claim.

23.     Neither this Order, the Premium Tax Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Premium Tax Settlement Agreement is or may be used as an admission or evidence that the Premium Tax Claims of Plaintiffs or the Premium Tax Settlement Class lacked merit in any proceeding, nor may any aspect of this Settlement be used in connection with the COI Claim, either to support such claim or any defense thereto.

24.     Neither this Order, the Premium Tax Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Premium Tax Settlement Agreement is or may be used as a concession that certification of litigation class is appropriate, or that the Premium Tax Settlement Class definition would be appropriate for a litigation class, nor will Defendants be precluded from challenging class certification in further proceedings in the Action or in any other action or proceeding.

25.     If the Settlement or the Premium Tax Settlement Agreement fails to be approved, fails to become effective, or otherwise fails to be consummated, is declared void, is terminated, or if there is no Effective Date, then the Parties shall be restored to their respective positions in the Action as of the date of execution of the Premium Tax Settlement Agreement, as if the Premium Tax Settlement Agreement had never been negotiated or executed, with the right to assert in the Action any argument or defense that was available at that time. If the Settlement or the Premium Tax Settlement Agreement fails to be approved, fails to become effective, or otherwise fails to be consummated, is declared void, is terminated, or if there is no Effective Date, then the Claims Administrator shall refund the Settlement Amount to Prudential, together with all earnings thereon, within five (5) business days, less any Notice or Claims Administration Expenses actually incurred, paid or payable and less any Tax Expenses paid, due or owing.

26.     The Escrow Account to be established under the Premium Tax Settlement Agreement is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

27.     Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Motion for Preliminary Approval is filed with the Court, the Claims Administrator, following approval by Defendants' Counsel, shall cause to be served upon the appropriate State Officials in the District

of Columbia and each U.S. State in which Premium Tax Settlement Class Members reside, and the Attorney General of the United States, notice of the settlement as required by law. The Final Approval Hearing shall be no earlier than ninety (90) days after the CAFA Notice described in this paragraph is provided. The cost of any CAFA Notice is the sole responsibility of Defendants and will not be paid from the Escrow Account, except that up to $5,000 for CAFA Notice may be paid from Claims Administration Expenses as set forth in the Premium Tax Settlement Agreement.

28. For the avoidance of doubt, and notwithstanding any other provision of this Order: (a) the COI Claim shall continue to be litigated independently and is in no way released, settled, or compromised by this Order or the Premium Tax Settlement Agreement; and (b) Class Counsel's participation and litigation of the COI Claim is not in any way prohibited or restricted by this Order or the Premium Tax Settlement Agreement.

ENTERED this 13th day of May 2026 of eeee

_____
Cathy Seibel
UNITED STATES DISTRICT JUDGE