**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------X

ARBUCKLE FUNDING, LLC, and BRIGHTON TRUSTEES LLC, on behalf of and as Trustee for COOK STREET MASTER TRUST III, individually and on behalf of all others similarly situated,

Plaintiffs,

23 **CIVIL** 7972 (CS)

-against-

**RULE 54(b) JUDGMENT**

TALCOTT RESOLUTION LIFE AND ANNUITY INSURANCE COMPANY and TALCOTT RESOLUTION LIFE INSURANCE COMPANY,

Defendants.

--------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated September 25, 2026, this Court having considered Plaintiffs' Motion for Final Approval, the Memorandum of Law and declarations submitted in support thereof, oral argument presented at the Final Approval Hearing, and the complete record in this Action, and for the reasons set forth on the record, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that: 1. The capitalized terms used herein shall have the meanings set forth in the Premium Tax Settlement Agreement (Dkt. 122-2), unless otherwise noted. 2. The Court finds that it has jurisdiction over the subject matter of this Action and over all Parties hereto, including all Premium Tax Settlement Class Members, and jurisdiction to approve the Premium Tax Settlement Agreement and all Exhibits thereto. 3. Pursuant to Rule_23(e)(I) and (2) of the Federal Rules of Civil Procedure, the Court finds that the Class Notice and the Notice Plan implemented in accordance with the Preliminary Approval Order and Section VI of the Premium Tax Settlement Agreement (i) constituted reasonable and the best practicable notice under the circumstances; (ii) were reasonably calculated to apprise Premium Tax Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (iii) constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Rules of this Court, and the due process requirements of

the United States Constitution. 4.The Court finds that the Attorney General of the United States and the appropriate state officials have received notice of the Settlement in accordance with the terms of the Class Action Fairness Act, 28 U.S.C. § 1715(6), and that more than ninety (90) days elapsed between service of such notice and the Final Approval Hearing. 5.Pursuant to Rule 23(a), 23(6)(3), and 23(e) of the Federal Rules of Civil Procedure, the Court finally certifies, for settlement purposes only, the following Premium Tax Settlement Class: all current and former Policyowners of all Premium Tax Settlement Class Policies. "Policyowners" are defined as "owners of one or more Premium Tax Class Settlement Policies." "Premium Tax Class Settlement Policies" are defined as "individual universal life or variable universal life insurance policies issued or insured by Defendants, with the subject Premium Tax Change Language, and for which a premium payment subject to one or more of the Premium Tax Claims was made during the Class Period and as described in the Fourth Amended Complaint and (1) for which a new address was registered with Defendants or Prudential after issuance, and which were assessed a Premium Tax Charge Rate in excess of the Statutory Premium Tax Rate assessed by the State associated with the new registered address; or (2) for which an address in Arizona, Connecticut, the District of Columbia, Idaho, Illinois, Indiana, Iowa, Kentucky, Michigan, Minnesota, Nebraska, New Hampshire, New York, Ohio, Oregon, South Carolina, or Wyoming was registered with Defendants or Prudential." 6. Excluded from the Premium Tax Settlement Class are: (a) officers or directors of Defendants or Prudential; (b) the Honorable Cathy Seibel, United States District Judge for the Southern District of New York, the Honorable Judith C. McCarthy, United States Magistrate Judge for the Southern District of New York, and any judicial officer to whom this matter may be assigned or referred, including members of the judges' and judicial officers' immediate family and judicial staff; (c) anyone employed in Class Counsel's firm; and (d) Policyowners who properly executed and timely filed a Request for Exclusion from the Premium Tax Settlement Class. 7. Under Rule 23(e)(2), the Court finds that the Premium Tax Settlement Agreement, including the Released Claims contained therein, is fair, reasonable, and adequate to the Premium Tax Settlement Class, and the Cou11 therefore grants final approval to the Settlement as set forth in the Premium Tax Settlement Agreement, directs the Patties and their counsel to comply with and consummate the terms of the Premium Tax Settlement Agreement, and declares the Premium Tax Settlement Agreement to

be binding on all Premium Tax Settlement Class Members and Premium Tax Settlement Class Policies and preclusive in all pending and future lawsuits or other proceedings with respect to the Released Claims. 8. In reaching this conclusion, the Court has considered the relevant factors set forth in Rule 23(e)(2) and City of Detroit v. Grinnell Corp., 495 F.2d 448,463 (2d Cir. 1974), including the complexity, expense, and likely duration of continued litigation of the Premium Tax Claims; the substantial cash and prospective business-practice relief achieved for the Premium Tax Settlement Class; the risks of establishing liability and damages; the arm's-length nature of the negotiations by experienced counsel; the terms of the proposed award of attorney's fees, including timing of payment; and the reaction of the Premium Tax Settlement Class, as reflected by the fact that the Claims Administrator has received only one timely and valid Request for Exclusion and no objections to the Settlement. There are no side agreements as contemplated by Rule 23(e)(3). For the avoidance of doubt, this final approval pertains exclusively to the Premium Tax Claims and does not affect, prejudice, or otherwise apply to the Excluded Claims, including the COI Claim, which shall continue to be litigated independently by Arbuckle Funding and Talcott Resolution Life & Annuity Insurance Company. 9. The Court confirms the appointment of Plaintiffs as Class Representatives and Susman Godfrey L.L.P. as Class Counsel for the Premium Tax Settlement Class. 10. The Court finds that Class Counsel and Plaintiffs adequately represented the Premium Tax Settlement Class for purposes of entering into and implementing the Premium Tax Settlement Agreement. 11. The Court finds that the Plan of Allocation described in the Premium Tax Settlement Agreement and the Class Notice, and previously preliminarily approved by the Court, is fair, reasonable, and adequate, and approves its implementation. 12. Consistent with the terms of the Premium Tax Settlement Agreement, Defendants shall cause Prudential to fund, or shall have caused Prudential to fund, the Settlement Fund in the amount of $11,000,000, and following the Effective Date, the Claims Administrator shall distribute the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation. The Court finds that there is no just reason for delay in the entry of final judgment as to Counts II and III of the Fourth Amended Complaint and the claims against Talcott Resolution Life Insurance Company therein, notwithstanding the continued pendency of Arbuckle Funding's COI Claim in Count I, because entry of partial final judgment will expedite distribution of relief under the Premium Tax Settlement Agreement to the

Premium Tax Settlement Class Members. Pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason to delay; judgment is hereby entered.

**Dated:** New York, New York
September 30, 2026

**TAMMI M. HELLWIG**

**Clerk of Court**

**BY:** K. Mango

**Deputy Clerk**